UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-13514 |
| Plaintiff, | District Judge Julian Abele Cook |
| v. | Magistrate Judge R. Steven Whalen |
| THOMAS BATTLE, | |
| Defendant. / | |

**REPORT AND RECOMMENDATION**

This is a student loan case. On August 4, 2006, Plaintiff filed a Complaint against Defendant Thomas Battle. On October 30, 2006, three events occurred, according to the docket entries: (1) Plaintiff requested a Clerk's entry of judgment by default [Docket #4]; the Clerk of the Court entered default as to Thomas Battle [Docket #5]; and the Clerk entered a judgment by default in favor of Plaintiff and against Defendant [Docket #6].

On December 18, 2006, Plaintiff obtained writs of continuing garnishment against garnishee Michigan Department of Treasury and garnishee Hayes Excavating Company [Docket #12, 13]. **On January 7, 2007, Defendant objected to and requested a hearing regarding the garnishments [Docket #17].**[1] A hearing was held on February 22, 2007.

---

[1]The Defendant's objection is dated January 7, 2006. It was time-stamped by Judge Cook's chambers on January 16, 2006, and docketed by the Clerk's Office on January 22, 2007.

-1-

Upon review of Defendant's objections, as well as his statements at oral argument, it is apparent that he disputes whether he in fact owes the debt, and is in effect asking the Court to set aside the default judgment. **Therefore, the Court will construe Defendant's objections [Docket #17] as a motion to set aside default judgment, and recommend that the motion be granted.**[2]

### STANDARD OF REVIEW

Fed.R.Civ.P. 55( c ) provides that a judgment by default may be set aside in accordance with Rule 60(b).[3] Rule 60(b) articulates six reasons a default judgment may be set aside, including "(1) mistake, inadvertence, surprise, or excusable neglect;...or (6) any other reason justifying relief from the operation of the judgment." The decision to vacate a default judgment is entrusted to the court's discretion. *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002). Rule 60(b)(1) must be applied "equitably and liberally...to achieve substantial justice." *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003). Because of the strong policy consideration that cases should be decided on their merits, a court faced with a motion to set aside a default judgment should construe disputed or ambiguous facts in the light most

---

[2] Post-judgment objections to garnishment, as well as requests to set aside default judgment, are not pretrial matters, and therefore a Magistrate Judge referred these matters must proceed by Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(b). *United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003); *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

[3] Rule 55( c ) sets forth a more relaxed "good cause" standard for setting aside a Clerk's entry of default. Where, as here, the entry of default has ripened into a default judgment, the stricter requirements of Rule 60(b) apply. *Burrell v. Henderson*, 434 F.3d 826, 831-32 (6th Cir. 2006).

favorable to the defendant. *INVST Financial Group, Inc. V. Chem-Nuclear Systems, Inc.*, 815 F.2d. 391, 398 (6th Cir. 1987), *quoting Jackson v. Beech*, 636 F.2d 831, 838 (D.C. Cir. 1980).

In *United Coin Meter Co. v. Seaboard Coastal Line R.R.*, 705 F.2d 839, 845 (6th Cir. 1983), the court enunciated three factors to consider in deciding a Rule 60(b) motion "[1] [w]hether the plaintiff will be prejudiced; [2] [w]hether the defendant has a meritorious defense; and [3] [w]hether culpable conduct of the defendant led to the default." When reviewing a motion to set aside default judgment under Rule 60(b), the court may not consider the underlying strength of a plaintiff's claim. *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998). *See also United States v. Cagle*, 235 F.R.D. 641 (E.D. Mich. 2006).

## **ANALYSIS**

The default judgment against the Defendant (and, concomitantly, the writs of continuing garnishment) should be set aside pursuant to Rule 60(b)(1).

The first *United Coin and Meter* factor is prejudice to the Plaintiff. In this case, the Complaint was filed on August 4, 2006, and served on September 16, 2006. The Answer was due on October 6, 2006. Default judgment was entered only 24 days later, on October 30, 2006. There was not undue passage of time, and in any event, "[d]elay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice." *Burrell v. Henderson, supra*, 434 F.3d at 835. There is no evidence that Plaintiff will be otherwise prejudiced if the default judgment is vacated.

The second factor examines whether the defendant has a meritorious defense. A defense is meritorious if "there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Williams v. Meyer, supra*, 346 F.3d at 614 (internal quotations and citations omitted) (emphasis in original). Further, "[i]f a defense is 'good at law,' regardless of the likelihood of success, it will be considered meritorious." *Burrell v. Henderson, supra*, 434 F.3d at 834. Here, the Defendant asserts in his objections and request for hearing that the loan in question has been paid:

> "I would like to request a hearing to explain to the judge why I think the Government is not entitled to funds garnished.
>
> **Reason:**
>
> I enrolled in the United College of Business, Hollywood, CA in 1980. I applied for assistance and received a grant and a loan. I attended the school 1 ½ months. I had a family emergency in Detroit, MI and I had to terminate my enrollment. I notified the financial aid office informing the office of my termination and was told the funds for the loan would be returned to the United States Government."

Construing this statement in the light most favorable to the Defendant, as the Court must, *see INVST Financial Group, supra*, the Defendant has stated a sufficiently meritorious defense.

The final factor is whether culpable conduct of the defendant led to the default or whether, under the formulation of Rule 60(b)(1), the defendant's neglect was excusable. "In cases that have not been heard on the merits, the determination of whether neglect is

excusable takes into account the length and reasons for the delay, the impact on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith." *Burrell* at 832.

As stated above, the length of the delay is short, and the impact on the Plaintiff of setting aside the default judgment is not great. Nor, given that the alleged debt itself dates to 1980, would there be any marginal impact on the case itself or on the judicial proceedings. Further, although Defendant, unrepresented by counsel, failed to timely answer the Complaint, he did file objections that raise a defense, and it does not appear that he acted in bad faith.

On balance, especially given the strong policy consideration that cases should be decided on their merits, and the mandate that Rule 60(b) must be applied "equitably and liberally...to achieve substantial justice," *Williams v. Meyer, supra*, it is appropriate for the Court to set aside this default judgment.

## **CONCLUSION**

For these reasons, I recommend that Defendant's objections to garnishment and request for hearing [Docket # 14] be construed as a Motion to Set Aside Default Judgment, and that the Motion be GRANTED. I further recommend that the default judgment, along with the writs of continuing garnishment, be VACATED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR

72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: July 6, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 6, 2007.

S/Gina Wilson
Case Manager