UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Case number 06-13514

v.

                              Honorable Julian Abele Cook, Jr.

THOMAS BATTLE,

        Defendant.

ORDER

      Before the Court is a motion by the Defendant, Thomas Battle, who has asked the Court to set aside the entry of a default and a default judgment. On July 6, 2007, Magistrate Judge Steven Whalen, to whom this motion had been submitted for his evaluation, submitted a report in which he recommended that the Court grant Battle's request. A timely objection to this report by the Plaintiff, United States of America ("the Government"), followed.

      For the reasons that have been stated below, the Court will adopt the recommendations within Magistrate Judge Whalen's report and grant Battle's petition for relief.

I.

      On July 26, 1982, Battle executed a promissory note to secure a loan under a loan guaranty program authorized by federal law. However, Battle, according to the Government, defaulted on his loan obligation on February 8, 1984. On August 4, 2006, the Government initiated this lawsuit against him, claiming that Battle owed a total of $6,001.02, including interest, on his 1982 loan. According to the records in this cause, Battle was served with the complaint on September 16, 2006. During the following month (October 30, 2006), the Government, after noting that Battle had

failed to respond to its claims, requested the Clerk of the Court to enter a default, as well as a default judgment, against him. In response, the Clerk issued a default and a default judgment in favor of the Government on the same day.

On December 18, 2006, the Government obtained writs of continuing garnishments. On January 7, 2007, Battle filed his objections to the Government's actions without the benefit of an attorney, and, in so doing, requested a hearing. On February 22, 2007, Magistrate Judge Whalen, to whom this matter had been referred for his evaluation, interpreted Battle's objection as a motion to set aside the default judgment. Acting upon this interpretation, he concluded that the default judgment against Battle was due to excusable neglect. The Government disagrees.

II.

Rule 55(c) of the Federal Rules of Civil Procedure provides a statutory basis upon which a court may set aside the entry of default "for good cause." However, a stricter standard applies for setting aside a default after it has ripened into a judgment. Once damages have been assessed and a judgment has been entered, a court must examine the record in accordance with Fed. R.Civ. P. 60(b). If a party seeks to obtain relief from a default judgment, the Sixth Circuit Court of Appeals has declared that Rule 60(b)(1) must be applied "equitably and liberally . . . to achieve substantial justice." *Williams v. Meyer,* 346 F.3d 607, 613 (6th Cir. 2003).

In addition, the discretion to vacate its order under this Rule is circumscribed by public policy which favors the finality of judgments and the termination of litigation. *Waifersong, Ltd. Inc., v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). The Sixth Circuit, in its discussion of the different standards that are used to determine whether to set aside a default as compared to a default judgment, stated:

> While the standards for granting relief differ, the factors to be considered by the court are said to be similar and include:

> (1) Whether culpable conduct of the defendant led to the default,
> (2) Whether the defendant has a meritorious defense, and
> (3) Whether the plaintiff will be prejudiced.
>
> But when it is a judgment the defendant is seeking to avoid, the specific requirements of Rule 60(b) narrow the scope of the court's equitable inquiry. When relief is sought under Rule 60(b)(1), the culpability factor is framed in terms of "mistake, inadvertence, surprise, or excusable neglect." Furthermore, while it may be argued that the three factors are to be "balanced" by the court in determining whether to set aside an entry of default, balancing is demonstrably inappropriate when a court initially proceeds, as in the instant case, under Rule 60(b)(1). That is because the rule mandates that a defendant cannot be relieved of a default judgment unless he can demonstrate this default was the product of mistake, inadvertence, surprise, or excusable neglect. It is only when the defendant can carry this burden that he will be permitted to demonstrate that he also can satisfy the other two factors; the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted.

*Id.* Thus, in order to appeal the entry of a default judgment, a defendant must first establish if the underlying default was the product of a "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b). Hence, it is obligatory upon a defendant to satisfy this burden before a court will consider the existence, if any, of a meritorious defense and lack of prejudice to the plaintiff.

III.

In *Burrell v. Henderson*, 434 F.3d 826, 831-32 (6th Cir. 2006), the Sixth Circuit held that "[i]n cases that have not been heard on the merits, the determination of whether neglect is excusable takes into account the length and reasons for the delay, the impact on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith."

Here, the default judgment against Battle was issued slightly over one month after he had been served with the complaint.[1] In rendering his opinion, Magistrate Judge Whalen concluded that, inasmuch as the alleged debt dated back to 1982, there would be no significant delay or impact on

---

[1] Battle was served with the complaint on September 16, 2006. His response to the allegations by the Government was due on October 6, 2006. The default and the default judgment were issued on October 30, 2006.

the case if the default judgment was set aside. The Court also notes that Battle is defending himself without the benefit of an attorney. While his status as a *pro se* litigant would not excuse gross violations of the Federal Rules of Civil Procedure, the Court does afford him slightly more latitude due to his lack of counsel. Finally, it was also Judge Whalen's view that Battle had acted in good faith in challenging the Government's actions in this case.

After considering whether the default judgment was due to the culpable conduct of a defendant, a court must thereafter consider whether he has proffered a facially meritorious defense. A defense is meritorious if "there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Williams,* 346 F.3d at 614 (emphasis in original). The test of meritoriousness is not "likelihood of success," but merely whether the claim or defense is "good at law." *United Coin Meter Co. v. Seaboard Coastal Line R.R.,* 705 F.2d 839, 845 (6th Cir. 1983).

In his objection, Battle has denied any indebtedness to the Government, contending that he entered a college in California in 1980, but was forced to terminate his enrollment after approximately one and a half months as a student because of a family emergency. According to Battle, he informed the financial aid office that he was leaving the school. Moreover, Battle insists that this financial aid office told him that "the funds for the loan would be returned to the United States Government." (Battle's Request for Hearing at 2.) When utilizing the *Williams* standard, the Court concludes that Battle's asserted defense appears to be meritorious.

Finally, the Court must consider whether the Government would experience any prejudice if the challenged default judgment was set aside. "Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice. . ." *Burrell*, 434 F.3d at 835. Noting that the Government has not asserted any other type of prejudice, the Court concludes that this factor has been satisfied.

IV.

Accordingly, and for the reasons that have been stated above, the Court will, and does, (1) adopt the recommendation of Magistrate Judge Whalen, and (2) grant Battle's motion to set aside the default and default judgment.

IT IS SO ORDERED.


Dated:  November 26, 2007                         s/ Julian Abele Cook, Jr.
            Detroit, Michigan                             JULIAN ABELE COOK, JR.
                                                                      United States District Court Judge



## Certificate of Service

I hereby certify that on November 26,  2007,  I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                                      s/ Kay Alford
                                                                      Courtroom Deputy Clerk